**Jose M. TOURON, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 02–3168.

United States Court of Appeals, Federal Circuit.

Dec. 9, 2002.

 

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

---

## DECISION

PER CURIAM.

Jose M. Touron petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of Justice ("agency") suspending him for 30 days for misconduct (Docket No. AT–0752–01–0002–I–1, 91 M.S.P.R. 132). We *affirm.*

## DISCUSSION

### I.

Mr. Touron is employed as an Immigration Inspector for the agency's Immigration and Naturalization Service ("INS") at the Miami International Airport in Miami, Florida. On August 28, 2000, Mr. Touron was suspended for 30 days without pay from his position for misconduct. The allegations against him were (i) conduct unbecoming an INS employee; (ii) divulging information without proper authority; and (iii) failing to cooperate during a formal investigation. Mr. Touron filed an appeal with the Board, challenging his suspension on the ground that his conduct was protected union activity.

In an initial decision dated December 31, 2000, the administrative judge ("AJ") to whom the appeal was assigned sustained the suspension. The AJ first found that Mr. Touron acted in a manner that was unbecoming of a service employee and that his conduct was not protected union activity. The AJ based this determination on Mr. Touron's conduct during and after an interview with David Buxton, an Equal Employment Opportunity investigator, and on his conduct during his interactions with his supervisor, Ramona Quiles. The AJ found that Mr. Touron refused to leave the interview room when Mr. Buxton asked him to do so and that he attempted to impede the interview that followed his own. As far as Ms. Quiles was concerned, the AJ found that Mr. Touron failed to obey her order to enter tracking information on the computer. The AJ determined that Mr. Touron divulged INS information concerning the Elian Gonzalez matter without proper authority by forwarding a sensitive email message to numerous INS employees. The AJ also determined that Mr. Touron failed to cooperate during a formal investigation by failing to appear for an interview in violation of an order

from his supervisor. Finally, the AJ concluded that the agency did not commit harmful procedural error during the suspension process and that, in light of the cited violations, Mr. Touron's 30–day suspension was reasonable.

The AJ's initial decision became the final decision of the Board after the Board denied Mr. Touron's petition for review. This appeal followed.

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). A petitioner such as Mr. Touron bears the burden of establishing that the Board erred. *See Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1351 (Fed.Cir. 2001). For the reasons which follow, we conclude that the Board did not err in sustaining Mr. Touron's 30–day suspension.

Mr. Touron does not contend that the findings of the Board are not supported by substantial evidence.[1] Rather, he argues that, during and after his interview with Mr. Buxton, he was engaged in union activity, and that he is protected from the charge of "conduct unbecoming of an employee" when he is acting in his union capacity. He asserts that his conduct was proper during and after the interview. Additionally, Mr. Touron contends that Ms. Quiles' order, which he requested be

put in writing, was illegal and that he had been trained by his union to request such orders in writing. He asserts that requesting a written order was proper. Mr. Touron also contends that the information he forwarded in his email was public knowledge, because the information, he states, had already been printed in the Miami Herald. Mr. Touron further argues that he had a Constitutional right to disseminate the email, and therefore he did not act improperly. Finally, Mr. Touron argues that his failure to appear at the interview of a formal investigation was protected by his right to receive notice 48 hours prior to the interview in order to secure union representation. He argues that since the notice requirement was not met, he was not obliged to appear at the interview.

 Mr. Touron has not shown error in the Board's decision. First, Mr. Touron has failed to present any precedential authority for the proposition that his actions described above were protected and could not serve as the basis for discipline. His reliance on Federal Labor Relations Authority case law is inappropriate because it is not binding upon us. Second, the Miami Herald article did not disclose the specifics of the operation into the home where Elian Gonzalez was residing. Instead, it merely speculated as to what the INS possibly would do in the situation. Moreover, Mr. Touron is incorrect that the First Amendment protects all distribution of agency-related information. *See Haddon v. Executive Residence at the White House*, Nos. 01–6001, 01–6002, 2002 WL 31662798, at *6–8 (Fed.Cir. Nov.27, 2002). Finally, Mr. Touron improperly failed to appear at an interview in a formal investigation in violation of a direct order.

---

**1.** Mr. Touron challenges the AJ's credibility determinations with respect to his witnesses, Stanley Mungaray and Hada Cruz. However, we will not disturb these determinations.

### III.

Mr. Touron also contends that the agency committed harmful procedural errors when it suspended him. Specifically, he argues that the agency failed to report certain of the allegations against him within 24 hours, as required by INS instructions, and that the agency failed to interview key witnesses during its investigation. Mr. Touron also argues that the agency did not investigate the charges relating to the unapproved dissemination of the email, and that the agency improperly increased his proposed suspension from 14 to 30 days. Finally, Mr. Touron argues that the Board erred by failing to consider new evidence that he provided. None of these contentions has merit.

In order to succeed on a claim of harmful procedural error, a petitioner must show that the error is "likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.56(c)(3). In this case, the Board properly concluded that the errors cited were harmless and would not have caused the agency to reach a different conclusion. Moreover, the additional evidence proffered by Mr. Touron was not material, and therefore, could not be considered new evidence for the purposes of the petition for review.

For the foregoing reasons, the final decision of the Board is affirmed.